

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,116

### EX PARTE JEDIDIAH ISAAC MURPHY, Applicant

**ON DIRECT APPEAL FROM DENIAL OF WRIT OF HABEAS CORPUS
UNDER ARTICLE I, § 12 OF THE TEXAS CONSTITUTION AND TEXAS CODE
OF CRIMINAL PROCEDURE 11.05 IN CAUSE NO. W00-02424-M(D)
FROM THE 194TH JUDICIAL DISTRICT COURT
DALLAS COUNTY**

*Per curiam.* YEARY, J., filed a dissenting opinion. NEWELL and WALKER, JJ., dissented.

## O P I N I O N

Applicant appeals from a trial court order denying relief on the claims raised in his Application for Writ of Habeas Corpus Under Article I, § 12 of the Texas Constitution and Texas Code of Criminal Procedure Article 11.05.[1]  Applicant raises four points of error.  After reviewing the issues, we find the points to be without merit.  Consequently, we affirm the trial court's order denying relief.

---

[1] References to Articles in this opinion are to the Texas Code of Criminal Procedure unless otherwise specified.

I. *Background*

Applicant was convicted and sentenced to death in June 2001 for the capital murder of 80-year-old Bertie Cunningham. *See* TEX. PENAL CODE §19.03(a). The evidence showed that on October 4, 2000, Cunningham went shopping at a mall in Plano, Texas. She was returning to her Garland home when Applicant forced her at gunpoint to give him a ride. Ultimately, Applicant forced Cunningham into the trunk of her car and shot her. Applicant then drove Cunningham's car around and used her credit cards to buy alcohol and beer, among other things. At some point, he picked up his niece and two of her school-age friends. He later dropped off his niece, and he and the boys continued driving around. Ultimately, he bought them both motorized scooters before taking them home. He eventually removed Cunningham from the trunk and dumped her in a creek.

This Court affirmed the judgment and sentence on direct appeal. *Murphy v. State*, 112 S.W.3d 592 (Tex. Crim. App. 2003). This Court also denied relief on the claims raised in Applicant's initial habeas application and dismissed his subsequent applications as abuses of the writ. *Ex parte Murphy*, No. WR-70,832-01 (Tex. Crim. App. Mar. 25, 2009) (not designated for publication); *Ex parte Murphy*, No. WR-70,832-02 (Tex. Crim. App. Mar. 21, 2012) (not designated for publication); *Ex parte Murphy*, No. WR-70,832-05 (Tex. Crim. App. Oct. 4, 2023) (not designated for publication).

II. *The Original Writ Application Filed in the Trial Court*

In the original application filed in the trial court, Applicant raised several claims

for relief in which he asserted that the Texas Department of Criminal Justice's (TDCJ's) procurement, possession, distribution, and administration of drugs used for executions violated both constitutional and statutory requirements. He asserted that the trial court should give him relief so that he would not be made to suffer cruel and unusual punishment in violation of the Constitution.

III. *The Trial Court's Ruling*

The trial court noted the *Glossip* ruling from the United States Supreme Court in which that Court held "that prisoners cannot successfully challenge a method of execution unless they establish that the method presents a risk that is 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Glossip v. Gross*, 576 U.S. 863, 877 (2015). The court concluded that Applicant failed to meet the threshold for relief.

IV. *Applicant's Arguments on Appeal and the Court's Analysis*

In his first point of error, Applicant complains that the trial court erred in denying the writ without first affording him an evidentiary hearing. Applicant acknowledges that there is generally no right to a hearing on a writ of habeas corpus. However, he asserts that a hearing was necessary in this case because it "was the only way that [he] could obtain the evidence to prove his claims."

Applicant's conclusory statements that a hearing was the only way to obtain discovery does not make the statements true. Without more, Applicant has failed to show

that the trial court abused its discretion in failing to hold a hearing. Applicant's first point of error is overruled.

In his second point of error, Applicant asserts that the trial court "failed to address all of the claims [he] raised in arguing that his execution with fire-blighted expired drugs violates the law." To begin with, this claim assumes unproven "facts." Throughout Applicant's pleadings, he asserts "facts" "on information and belief." But he has not shown that either "fire-blighted" or "expired" drugs will be used on him in his execution. Recently addressing claims substantially similar to those raised in Applicant's state habeas application, the federal district court noted that a laboratory report dated nearly a month after the fire showed two lots of pentobarbital that passed potency and sterility tests. The court stated,

> While it is unclear from the record whether this report encompasses all of the pentobarbital currently in TDCJ's possession [or] if the drugs tested are the ones to be used in [Applicant's] execution, it does undermine [Applicant's] argument that all of TDCJ's pentobarbital was damaged in the Huntsville fire. As a result, [Applicant's] claim that the so-called "fire-blighted" pentobarbital is sure or very-likely to cause serious illness or suffering is meritless.

*Murphy v. Lumpkin*, No. 1:23-cv-01199-RP-SH, ECF 9 at *5 (W.D. Tex. Oct. 6, 2023). That same report is currently in the record before this Court.

Returning to Applicant's assertion that the trial court failed to address all of his claims, we note that the trial court observed that Applicant had raised several grounds. It subsequently held, "Applicant's claims fail to meet the threshold for relief." By all

indications, the trial court ruled on all of Applicant's claims. The court is not required to explicitly and separately set out its reasoning on every argument made, and Applicant has failed to show this Court exactly what claims he believes the trial court failed to address. Without more, Applicant's second point of error is overruled.

Applicant complains in his third point of error that the trial court erred in denying the writ "because attempting to execute [Applicant] with fire-blighted, expired pentobarbital violates the United States Constitution." Again, Applicant's claim assumes unproven "facts." Although Applicant "on information and belief" asserts his manner of execution will be unconstitutional, he presents no evidence to support it. Additionally, as the trial court pointed out, the U.S. Supreme Court adopted a two-element showing in order to raise a method-of-execution claim. First, the defendant must show that the method to be used "presents a risk that is 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers,'" and second, the defendant "must identify an alternative [execution method] that is 'feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain.'" *Glossip*, 576 U.S. at 877. Applicant failed to make this showing. Point of error three is overruled.

Applicant asserts in his fourth point of error that the trial court erred in denying the writ "because TDCJ's violation of state laws protecting him from unnecessary pain violates the Due Process Clause, the Eighth Amendment, and the Equal Protection

Clause." Specifically, Applicant first argues in this point that he "has a right to life that may not be extinguished without due process." But Applicant's death sentence was achieved and upheld through due process. A method-of-execution claim, which is what Applicant is actually arguing, does not decide an applicant's "right to life." And under *Glossip*, in order to show that a method of execution is cruel and unusual under the Eighth Amendment, an applicant must show that it is "sure or very likely to cause serious illness and needless suffering," not just "unnecessary pain."

Applicant further argues that the State is violating the Equal Protection Clause because of its deliberate use of disparate practices between death-sentenced and other-sentenced Texas prisoners. But the Equal Protection Clause requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Death-sentenced inmates are not similarly situated to other-sentenced inmates with respect to being executed. Point of error four is overruled.

V. *Conclusion*

Finding no reversible error in the proceedings below, we affirm the trial court's order denying relief on Applicant's Application for Writ of Habeas Corpus Under Article I, § 12 of the Texas Constitution and Texas Code of Criminal Procedure Article 11.05. No motions for rehearing will be entertained and the Clerk is instructed to immediately issue mandate.

Delivered:   October 9, 2023
Do Not Publish